IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT BUTWIN JR. and JANET SCHMIDT,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**JOHN DOE 1 and JOHN DOE 2,**<br><br>*Defendants*. | Civil Case No. _____ |

# COMPLAINT

1. Plaintiffs, Pennsylvania voters, opened their mailboxes in October 2024 to find envelopes delivered by the United States Postal Service, with their address written in shaky, block lettering, containing typewritten correspondence graphically describing violence and dire consequences for their support of a candidate and participation in the upcoming election. "But more importantly, we know where you live, you are in the data base. In the dead of a cold winters [*sic*] night, this year, or next and beyond, there is no knowing what may happen. Your property, your family may be impacted, your cat may get shot. And more."

2. Plaintiffs are neither public figures nor political operatives; they are simply private citizens who displayed signs supporting the candidate of their choice. They did not seek to be a part of the nasty political discourse. Rather, a bad actor sent it to their door.

3. Plaintiffs received these letters in the apex of a heated campaign season where all eyes were on Pennsylvania. Governor Shapiro even made election security a priority in Pennsylvania and on February 29, 2024, established an "Election Threats Task Force [to] ensure all levels of government are working together to combat misinformation, safeguard the rights of every citizen, and ensure this election is safe, secure, free, and fair." Press Release, "Governor

Shapiro Launches Pennsylvania Election Threats Task Force to Ensure Safe, Secure, Free, & Fair Election this November," https://www.pa.gov/governor/newsroom/2024-press-releases/governor-shapiro-launches-pennsylvania-election-threats-task-for.html (February 29, 2024).  The purported focus on safety and security by government officials did not protect plaintiffs from terrorizing intimidation.

4. Just a few short months after a sniper laid in wait and shot a Trump supporter dead, in front of his family in Pennsylvania, and mere weeks following a second assassination attempt in Florida, Plaintiffs received, at the sanctity of their private residence, specifically targeted letters that included a Trump 2024 logo at the top of the page and closed with: "Your vote for this guy is seen as treading on my rights. You tread on me at your peril, motherfucker. We look forward to visiting in the future."

5. Vitriol filled threats of harm to your person, family, pets, and property have no place whatsoever in civil discourse and violate federal civil rights statutes. This is especially true when those threats are made directly to Americans in their own homes, a space that should be inviolable.

6. The letters stated that the Plaintiffs' "visible support comes with a price and at a cost." "To the extent that a citizen's right to vote is debased, he is that much less a citizen." *Reynolds v. Sims*, 377 U.S. 533, 567 (1964).

7. Plaintiffs file this action seeking injunctive and declaratory relief pursuant to Section 11(b) of the Voting Rights Act of 1965, (hereinafter "VRA") as amended, and the Ku Klux Klan Act of 1871.

## PARTIES

8.     Plaintiff Robert Butwin Jr. is a registered voter who resides within the Eastern District of Pennsylvania.

9.     Plaintiff Janet Schmidt is a registered voter who resides within the Eastern District of Pennsylvania.

10.     Defendants are labeled as "John Does 1 and John Doe 2" because the Plaintiffs do not yet know their names at the time of filing this lawsuit. Plaintiffs will pursue finding the identity of the Defendants and will seek leave of this court to engage in discovery which will help uncover the Defendants' names. As will be evidenced in this Complaint, the allegations establish egregious violations of Section 11(b) of VRA and the Ku Klux Klan Act, namely threats for exercising the right to vote. Defendants acted anonymously in the violation of Plaintiffs' civil rights, requiring Plaintiffs to proceed accordingly.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the Constitution and the laws of the United States and under 28 U.S.C. § 1343 because this action relates to civil rights and elective franchise, specifically Section 11(b) of the VRA, 52 U.S.C. § 10307(b), and the Ku Klux Klan Act of 1871. This Court may also grant declaratory relief under 28 U.S.C. § 2201.

12.     Venue in this Court is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS

13.     Leading up to the 2024 Presidential Election, Plaintiff Schmidt displayed a yard sign on her private property for her candidate of choice, Donald J. Trump.

14. Leading up to the 2024 Presidential Election, Plaintiff Butwin displayed a large sign in the yard of his family home in support of his candidate of choice, Donald J. Trump. Notably, he hand-made his sign and it was debased and defiled previously but he was undeterred and hand-crafted a second sign in support of his chosen candidate.

15. In October 2024, the Defendants sent a letter by U.S mail addressed to Plaintiff Schmidt's residence. The letter is attached here as Exhibit A (hereinafter "the Letter"). The outer envelope confirms that it was sent through the United States Postal Service. *See* Exhibit A at 2.[1]



16. In October 2024, the Defendants sent the same Letter by U.S mail addressed to Plaintiff Butwin's residence. The outer envelope confirms that it was sent through the United States Postal Service. *See* Exhibit A at 3.



17. The Letter contained threatening language, including:

   a. A "reminder" that the Plaintiffs' support of a specific candidate "comes with a price and a cost. There will be consequences."

---

[1] Plaintiffs' addresses are redacted in the Exhibit.

  b. "In the dead of a cold winters [*sic*] night, this year, or next and beyond, there is no knowing what may happen. Your property, your family may be impact, your cat may get shot. And more."

  c. "You tread on me at your peril, motherfucker."

18. The Letter specifically mentioned the Plaintiffs' exercise of voting rights: "A quick note of thanks for being engaged in the election and for your participation in the process." Exhibit A at 1. In part, the Letter stated:

> Your candidate is a felon, rapist, desecrator, an immoral flawed man. He is major reason violence us up, remember January 6th and Charlottesville?  By supporting him you are declaring your public support for a disregard of the law, civil discourse and unity. You are indicating your hatred for minorities, immigrants, foreigners, women, education, the rights of your fellow citizens, the rights of women to make decisions over their own healthcare needs. Oh and yes a hatred for Taylor Swift, who has contributed nothing but joy to the world.  And you are entitled to all of this. However this is a reminder that your visible support comes with a price and at a cost. There will be consequences.
>
> Should your candidate win, the consequences will be staggering. The country will continue to be divided, the economy will falter and a recession will be accelerated, the deficit ballooned. The majority will live under the rule of a minority.  Government will be in my business, the business of my family, the deficit will grow. The rich will get richer and judging by your house you don't qualify for rich, as much as you think you may.  But more importantly we know where you live, you are in the data base. In the dead of a cold winters night, this year, or next and beyond, there is no knowing what may happen. Your property, your family may be impacted, your cat may get shot. And more.
>
> Spend some time with your rabbi or pastor or what ever religion you follow and dig into the meaning of morality and reconcile the hate with your maker. Face the truth and understand the facts. Stop being lazy. Question your commitment to a cult. He is the biggest threat to the country and does not understand the idea of America as defined George Washington by the founding fathers
>
> Your vote for this guy is seen as treading on my rights. You tread on me at your peril,  motherfucker.

19. The text of the Letter referred to multiple authors, including:

  a. "**We** are writing with a concern about the level of political violence in the country during this election year as well as threats to **our** democracy and freedoms."

  b. "So **we** are asking you to take a close look…"

  c. "But more importantly **we** know where you live…"

5

       d.  "**We** look forward to visiting in the future."

Exhibit A at 1 (emphasis added).

20. On information and belief, the Letter was sent and/or delivered by multiple John Does due to the language of the Letter, as cited above.

21. On information and belief, the Letter was sent and/or delivered by multiple John Does due to the fact that the same Letter was received by individuals in multiple counties that displayed signs of support for the same preferred candidate as Plaintiffs.

22. On October 14, 2024, Plaintiff Schmidt filed a report with police officer Casey Healy of the Lower Merion Police Department. When she filed her report, the police officer informed her that one other person received a similar letter. Upon request of the police department, Plaintiff Schmidt provided a copy of the envelope. As of the filing of this Complaint, she has not received any follow-up calls or information from the police department.

23. On October 15, 2024, Plaintiff Schmidt called the United States Postal Service Investigations department and spoke with an individual named Lorraina. On October 17, 2024, Plaintiff Schmidt received a call from U.S. Postal Inspector Brian Bennett to discuss the incident. On October 18, 2024, Mr. Bennett came to Plaintiff Schmidt's home to obtain the original Letter and envelope. Mr. Bennett was accompanied by U.S. Postal Inspector George P. Clark.

24. Following the receipt of the Letter, Plaintiff Butwin attempted to file a report with the Tredyffrin Township Police Department. When he arrived at the police station, it was closed for a federal holiday. A police officer outside took pictures of the letter and informed Plaintiff Butwin that he would hear back. Hearing nothing, Plaintiff Butwin requested information regarding the incident pursuant to the Pennsylvania Right-To-Know Law. Plaintiff Butwin's request was denied, with the stated reason being that the records were exempt from disclosure

under the Right-To-Know Law. As of the filing of this Complaint, he has not received any information regarding the incident.

25. News reports regarding the First Letter indicate that individuals in multiple counties have received the First Letter. *See* "Some DelVal Voters Get Threatening Anti-Trump Letter," Delaware Valley Journal (Oct. 21, 2024), available at https://delawarevalleyjournal.com/some-delval-voters-get-threatening-anti-trump-letter/ ("Thus far, people in Delaware, Chester and Montgomery Counties have received copies of the letter. A spokesman for the Trump campaign said some people in the Pittsburgh area have gotten letters, also.") *See also*, "EXCLUSIVE: Anonymous letters threatening violence mailed to Trump supporters in Pennsylvania," The Post Millennial (Oct. 17, 2024), available at https://thepostmillennial.com/exclusive-anonymous-letters-threatening-violence-mailed-to-trump-supporters-in-pennsylvania ("Those who received the letters had displayed Trump signs in their yards, which is likely what was meant by the letter writer's mention of 'visible support.'")

26. The Letter sought to threaten and intimidate the Plaintiffs in exercising their right to vote for the candidate of their choice in the 2024 Federal election.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**INTIMIDATION OF VOTERS IN VIOLATION OF 52 U.S.C § 10307(b)**

27. Plaintiffs hereby allege and incorporate by reference all the allegations contained in ¶¶ 1 – 26.

28. Section 11(b) of the VRA provides "No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote…" 52 U.S.C. § 10307(b).

29. Defendants are violating Section 11(b) of the VRA by sending the Letter that would intimidate a reasonable voter.

30. Defendants sent a threatening and intimidating Letter to each of the Plaintiffs with the purpose of intimidating, threatening, and/or coercing Plaintiffs regarding the exercise of their right to vote in the 2024 Presidential Election.

31. The Letter contains language demonstrating that Defendants targeted the Plaintiffs based upon their support of the candidate of their choice. *See* Exhibit A at 1 ("Should your candidate win…")

32. Defendants' Letter, in fact, intimidated, threatened, and or coerced Plaintiffs by stating that there would be consequences should Plaintiffs vote for the candidate of their choice. "There will be consequences." Exhibit A at 1.

33. Defendants have violated Section 11(b) by sending the Letter to each of the Plaintiffs which threatens and intimidates their right to vote for the candidate of their choice, specifically threatening that "we know where you live" and "in the dead of a cold winters [*sic*] night, this year, or next and beyond, there is no knowing what may happen. Your property, your family may be impacted, your cat may be shot." Exhibit A at 1.

34. Unless enjoined by this Court, Defendants, and those acting in concert with them, may continue to violate Section 11(b) of the VRA, by continuing to direct intimidation, threats and coercion at voters and potential voters both in Pennsylvania and throughout the United States. *See*, *e.g.*, Order, *United States of America v. The New Black Panther Party for Self-Defense, et al.*, Case No. 09-00065 (E.D. Pa, May 18, 2009) (enjoining the defendant from violating Section 11(b).).

## SECOND CAUSE OF ACTION
## ATTEMPTED INTIMIDATION OF VOTERS IN VIOLATION OF 52 U.S.C § 10307(b)

35. Plaintiffs hereby allege and incorporate by reference all the allegations contained in ¶¶ 1-34 above.

36. Section 11(b) of the VRA provides that "No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote…" 52 U.S.C. § 10307(b). Attempts to intimidate, threaten or coerce voters violate Section 11(b) of the VRA even if unsuccessful.

37. Defendants are violating Section 11(b) of the VRA by sending the Letter that would intimidate a reasonable voter.

38. Defendants have violated Section 11(b) of the VRA by attempting to intimidate, threaten and coerce voters by sending the threatening Letters to Plaintiffs.

39. Defendants attempted to intimidate, attempted to threaten, and/or attempted to coerce Plaintiffs by stating that there would be consequences should Plaintiffs vote for the candidate of their choice. "There will be consequences." Exhibit A at 1.

40. Unless enjoined by this Court, Defendants, and those acting in concert with them, will continue to violate Section 11(b) of the VRA, by continuing to attempt to intimidate, threaten, and/or coerce voters and potential voters both in Pennsylvania and throughout the United States.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE KU KLUX KLAN ACT, 42 U.S.C § 1985(3)

41. Plaintiffs hereby allege and incorporate by reference all the allegations contained in ¶¶ 1-40 above.

42. Defendants John Doe 1 and John Doe 2 have violated the Ku Klux Klan Act, 42 US.C. § 1985(3), which provides:

> [I]f two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

43. Defendants acting in concert have violated the Ku Klux Klan Act by sending the Letter to each of the Plaintiffs that sought to threaten and intimidate the Plaintiffs' right to vote for the candidate of their choice.

44. The behavior of the Defendants has threatened and intimidated Plaintiffs and potential voters in violation of the Ku Klux Klan Act, 42 U.S.C. § 1985(3).

45. Absent declaratory and injunctive relief, Defendants and those acting in concert with them will continue to violate the Ku Klux Klan Act, 42 U.S.C. § 1985(3) by continuing to direct intimidation, threats and coercion at voters and potential voters both in Pennsylvania and throughout the United States.

**WHEREFORE**, Plaintiffs pray for an order that:

(a) provides leave to conduct third party discovery in a reasonable time to ascertain from authorities with information about these threats to ascertain the identity of the defendants;

(b) finds the Defendants have violated Section 11(b) of the VRA, 52 U.S.C. §10307(b) by threatening, intimidating and coercing voters;

(c) declares that the Defendants have attempted to violate Section 11(b) of the VRA, 52 U.S.C. §10307(b), by attempting to threaten, intimidate or coerce voters;

(d) declares that the Defendants have violated the Ku Klux Klan Act, 42 U.S.C. § 1985(3), by threatening, intimidating or coercing voters; and

(e) grants leave to the Plaintiffs to serve third party discovery on parties likely to know, or who should know, the identity of the author of the threats.

(f) permanently enjoins the Defendants and anyone working in concert with them, from sending threatening letters or otherwise engaging in threats, intimidation or coercion of voters in violation of Section 11(b) of the VRA and the Ku Klux Klan Act;

(g) awards the Plaintiffs' request pursuant to 42 U.S.C. § 1988 or any other applicable statute, for attorney fees and costs, and any other relief that the Court finds proper.

Dated: May 1, 2025

Respectfully submitted,

        For the Plaintiffs
        */s/ Linda A. Kerns*
        Linda A. Kerns
        Law Offices of Linda A. Kerns, L.L.C.
        1420 Locust St., Ste. 200
        Philadelphia, PA 19102
        Tel: (215) 731-1400
        Fax: (215) 701-4154
        linda@lindakernslaw.com

        J. Christian Adams*
        Kaylan Phillips*
        Joseph M. Nixon*
        PUBLIC INTEREST LEGAL FOUNDATION
        107 S. West Street
        Alexandria, VA 22413
        Tel: (703) 745-5870
        adams@publicinterestlegal.org
        kphillips@publicinterestlegal.org
        jnixon@publicinterestlegal.org
        **Motions for Pro Hac Admission forthcoming*