**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT BUTWIN JR. and JANET SCHMIDT,**<br>*Plaintiffs,*<br>**v.**<br>**JOHN DOE 1 and JOHN DOE 2,**<br>*Defendants.* | Civil Case No.<br>2:25-cv-02208 |

**PLAINTIFFS' MOTION TO COMPEL DOCUMENT PRODUCTION FROM THE UNITED STATES POSTAL INSPECTION SERVICE**

The United States Postal Inspection Service ("Postal Service") failed to produce documents or properly object to Robert Butwin Jr.'s and Janet Schmidt's ("Plaintiffs") subpoena in compliance with Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 45 and 46 and applied its *Touhy* regulations in an arbitrary and capricious manner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2024, Plaintiffs received letters from unnamed Defendants John Doe 1 and John Doe 2 ("Defendants") graphically describing detailed, specific violent actions that would be inflicted upon Plaintiffs as a punishment for exercising their right to vote. *See* ECF No. 1-1. Plaintiffs brought claims against the anonymous Defendants, alleging violations of Section 11(b) of the Voting Rights Act (52 U.S.C. § 10307(b)) and the Ku Klux Klan Act (42 U.S.C. § 1985(3)). *See generally* ECF No. 1 "Plaintiffs' Complaint."

On May 2, 2025, Plaintiffs filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, specifically naming the United States Postal Inspection Service, U.S. Postal Inspector Brian Bennett, and U.S. Postal Inspector George P. Clark, among others. This Court granted the motion on May 8, 2025. *See* ECF. No 4, "Plaintiffs' Motion to Serve Third Party Subpoenas," at 1; ECF. No. 8, "Order on Motion to Serve Third Party Subpoenas." On May 16, 2025 at 11:18 AM EST, Plaintiffs served the subpoenas upon the Office of the Chief Postal Inspector's Counsel at 475 L'Enfant Plaza, SW, Washington, DC 20260. *See Exh.* 1, "Plaintiffs' Subpoenas."

On May 23, 2025, Postal Inspection Attorney John Crockett responded with a form letter stating that, in accordance with the Postal Inspection Service's *Touhy* regulations (39 C.F.R. § 265.13):

> When evaluating a request for third party discovery, consideration shall be given to '[s]tatutory restrictions…legal objection[s], exemption[s]…privilege[s]…the [r]elevant legal standards for disclosure of nonpublic information and documents…Inspection Service rules and regulation and the public interest…[c]onservation of employee time and [p]revention of the expenditure of Postal Service resources for private purposes.'…It is also noted your discovery request did not make a showing the requested information is available, by law to a party outside the Postal Service and that if certain documents were produced, why testimony could not be used in place.
>
> Notwithstanding these deficiencies, we have considered the relevant factors and the Postal Service will not authorize the production of documents nor testimony.

*See Exh*. 2 at 1-2, "United States Postal Inspection Service Letter," at 1. As the Postal Service's letter does not comply with Rule 46's requirements that an objection to a subpoena state the grounds for the objection, Plaintiffs must presume that this letter is a refusal to comply with this Court's subpoena.

On May 29, 2025, at 9:58 AM EST, Plaintiffs' attorney Joseph M. Nixon called Mr. Crockett, but his phone call was ignored. *See Exh*. 3, "call to John Crockett." At 12:01 PM EST

that same day, Mr. Nixon sent an email to Mr. Crockett inquiring whether an investigation took place and whether there was an investigation file, which was similarly ignored. *See Exh*. 4, "email to John Crockett"; 39 C.F.R. § 233.1(b)(ii) ("the Inspection Service will investigate all allegations of violations of postal laws or misconduct").

## II. <u>STANDARD OF REVIEW</u>

Federal agencies may promulgate regulations for their compliance with subpoenas requesting records. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). However, agencies are not privileged to withhold subpoenaed information. *Linder v. Calero Portocarrero*, 251 F.3d 178, 181 (D.C. Cir. 2001) (Courts will review an agency's compliance with a subpoena based on the legal standards in the Fed. R. Civ. P.). Alternatively, courts review agency decisions under the Administrative Procedures Act's (APA's) arbitrary and capricious standards, even absent expressed statutory limitations. *See Davis Enterprises v. United States Envtl. Prot. Agency*, 877 F.2d 1181, 1184-87 (3d Cir. 1989) (reviewing an agency's *Touhy* regulation application regarding a *State* subpoena under the arbitrary and capricious standard). While the Fourth and Eleventh Circuits use the APA standard to review an agency's application of its *Touhy* regulations, the District of Columbia and Ninth Circuits use Fed. R. Civ. P. 45. *See Johnson v. Folino*, 528 F. Supp. 2d 548, 551 (E.D. Pa. 2007) (noting that the Third Circuit has not addressed which approach applies to *Touhy* regulations regarding *federal* subpoenas); *see also Shaffer v. Bloom*, 2023 U.S. Dist. LEXIS 247311, 2023 WL 12089689, n.8 (June 21, 2023) (confirming the Third Circuit continues to apply the *Johnson* standard of review).

## III. ARGUMENT

### A. The Federal Rules of Civil Procedure Mandate the Postal Service's Compliance with this Court's Subpoena.

The Postal Service's form refusal cannot be justified under discovery's broad scope contemplated in Rule 26 and 45. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery "if [it] appears reasonably calculated to lead to the discovery of admissible evidence"); *see also* Fed. R. Civ. P. 45(c)(2) ("a subpoena may command [the] production of documents, electronically stored information, or tangible things"). Additionally, prior to the Rule 26(f) conferral, Plaintiffs are entitled to discovery from *any* source "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by [the] [R]ules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Absent a showing that the information sought is cumulative, could be obtained through a more convenient method, or produces an undue burden, the Postal Service must disclose *all* subpoenaed, relevant, non-privileged information. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (discovery transforms trials from a game of blind man's bluff into a fair contest with the basic issues and facts disclosed; only strong public policy interests can weigh against the delay and substantial costs avoided by disclosure); *Robbins v. Wilkie*, 289 F. Supp. 2d 1307, 1311 (D. Wyo. 2003) (Fed. R. Civ. P.'s discovery powers provide "avenues of gaining discoverable evidence…the government cannot promulgate regulations and refuse proper, necessary discovery in direct contravention with the [Fed. R. Civ. P.]"). Under Rule 45, Plaintiffs must take reasonable steps to avoid imposing an undue burden or expense on the Postal Service when issuing its subpoena—a standard that the Postal Service has not alleged to be unmet. *See Watts v. SEC*, 482 F.3d 501, 508 (D.C. Cir. 2007) (applying Rule 45's privilege and undue burden standard to subpoenas).

The Postal Service exclusively controls the content of its own investigation. The Postal Service's *Touhy* regulations (the basis for its reflexive and categorical refusal to comply with this Court's subpoena) were enacted under the Federal Housekeeping Statute, enabling federal agencies to create their own procedures for responding to subpoenas. *See* 5 U.S.C. § 301. However, this statute does not enable federal agencies to defy a valid subpoena. *See Id.* (an Executive department may prescribe regulations for the distribution of its records, but it is not authorized to withhold information from the public or limit the availability of records); *see Comm. For Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 794 (D.C. Cir. 1971) (emphasizing that "no executive official or agency can be given absolute authority to determine what documents in his possession may be considered by the court"). On May 16, 2025, consistent with Rule 45, Plaintiffs served a subpoena upon the Postal Service. *See Exh.* 1. If the Postal Service objected to the scope of Plaintiffs' subpoena, wished to raise a defense, or believed that compliance placed an undue burden, Rule 45 provides a clear avenue to raise such objections. *See* Fed. R. Civ. P. 45(d)(2)(B) ("a person commanded to produce documents or tangible things or to permit inspection may serve [] a written objection"). However, contrary to Rule 45, the Postal Service failed to respond or object to the subpoena, and did not assert a claim of undue burden. Instead, the Postal Service responded with a vague form letter flatly refusing to comply without providing underlying reasons or analysis of the relevant factors. *See* Fed. R. Civ. P. 46 (when an order is made, an objecting party must provide the grounds for their objection); *see, e.g., Sagness v. Duplechin*, No. 4:16CV3152, at *4 (D. Neb. Mar. 29, 2017) (striking all general objections from a party's discovery responses); *Moser v. Holland*, No. 2:14-cv-02188- KJM-AC, at *8 (E.D. Cal. Feb. 4, 2016) (commenting that boilerplate, general objections violated Rules 33 and 34 and awarding costs associated with the motion to compel discovery).

The Postal Service's failure to raise an objection or provide a basis for why compliance was unreasonable constitutes a waiver of any basis upon which it may object. Fed. R. Civ. P. 45 (d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). In the absence of an objection, under Rule 45, once served with a subpoena to produce documents, the Postal Service "*must* produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A).

The outstanding information is necessary for Plaintiffs to enforce their rights against currently unidentified Defendants. *See* Fed. R. Civ. P. 5(a)(1) (requiring a pleading filed after the original complaint to be served on *every* party); *see United States v. Lapsley*, 334 F.3d 762, 763-64 (8th Cir. 2003) (an individual seeking disclosure requires informant's identity if it is material to the case); *see, e.g. Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 77469, at *1 (E.D. Pa. June 1, 2012) (concluding that without discovery, "Plaintiff will not be able to ascertain the identity of the Doe defendants or to effect service upon them"). Not enforcing this subpoena will severely prejudice Plaintiffs. *See Johnson*, 528 F. Supp. 2d at 551 (under Rule 45, the court must "balance the interest favoring disclosure against the interest asserted against disclosure"). While the regulations enable the Postal Service's legal counsel and Plaintiffs to confer to refine their subpoena without the unnecessary expenditure of judicial resources, this is not possible when the Postal Service's legal counsel ignores multiple attempts to make contact and did not provide specific explanations concerning how factors were weighed before refusing to comply. *See* 39 C.F.R. § 265.13(h)(4) (encouraging counsel conference to reduce compliance's burden or evaluate if document disclosure is authorized). As this Court specifically granted Plaintiffs permission to serve third party subpoenas (ECF. No. 8), and the Postal Service failed to identify

any exception under the Rules authorizing refusal as well as ignored multiple attempts to meet-and-confer, the Postal Service violated this Courts' order. *See* Fed. R. Civ. P. 45(g) (enforcing subpoenas with a judgment of contempt of the court from which it was issued).

**B. The Postal Service's Refusal to Comply was Arbitrary and Capricious under the APA.**

Even if this Court applies the APA standard, the Postal Service's refusal was arbitrary and capricious. *See Johnson*, 528 F. Supp. 2d at 551 (courts may review an agency's decision under the APA's "arbitrary and capricious standard because the APA contains the waiver of sovereign immunity that allows review of the decision"); *see also United States Envtl. Prot. Agency v. General Electric Co.*, 197 F.3d 592, 599 (2d Cir. 1999) (stating that "the APA allows the enforcement of a non-party *subpoena duces tecum* for discovery against the government through a motion to compel compliance"). To determine that a decision was arbitrary and capricious, this Court must "consider whether the decision was based on a consideration of the relevant facts and whether there has been a clear error of judgment." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989) ("courts should not automatically defer to the agency's express reliance on an interest in finality without carefully reviewing the record and satisfying themselves that the agency has made a reasoned decision…[a] contrary approach would not simply render judicial review generally meaningless, but would be contrary to the demand that courts ensure that agency decisions are founded on a reasoned evaluation 'of the relevant factors.'").

In this case, to vindicate their civil rights, Plaintiffs must know Defendants' identities, rendering the Postal Service's compliance essential to acquiring material evidence without which Plaintiffs will not be able to proceed. Plaintiffs have exhausted their independent ability to discover this information currently under Postal Service control, including publicly offering a significant monetary reward. The Postal Service cites its *Touhy* regulations, which require the

consent of the Chief Postal Inspector or the Inspector in Charge of the affected Field Division (in consultation with the Inspection Service Legal Counsel)[1], as the basis of its refusal to comply with this Court's subpoena.[2] *See* 39 C.F.R. § 265.13(d)(1). However, under the Housekeeping Statute, the Postal Service cannot wield its *Touhy* regulations in this manner. *See* 5 U.S.C. § 301; *Chrysler Corp. v. Brown*, 441 U.S. 281, 310 (1978) (citing H.R. Rep. No. 1461, 85th Cong., 2d Sess., 2 (1958)) (noting that the Special Subcommittee on Government Information "unanimously agreed that [§ 301] originally was adopted…for the day-to-day office housekeeping in the Government departments, but through misuse, it has become twisted into a claim of authority to withhold information"); *see also Houston Bus. Journal v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("a federal-court litigant…can seek to obtain the production of documents from a federal agency by means of a federal subpoena…and neither the Federal Housekeeping Statute nor the Touhy decision authorizes a federal agency to withhold documents from a federal court."). In fact, the Supreme Court's holding in *Touhy* foreclosed this abuse by limiting its decision to the Attorney General's authority to withdraw from his subordinates the power to release documents and consolidate that authority upon himself. *See Touhy*, 340 U.S. at 467, 472 (Frankfurter, J., concurring) (conditioning his concurrence on the Attorney General being reachable by legal process and noting "whether, when and how the Attorney General himself can be granted immunity from the

---

[1] The Postal Inspection Service Legal Counsel "is an attorney authorized by the Chief Postal Inspector to *give legal advice* to members of the Inspection Service." 39 C.F.R. § 265.13(C)(7) (emphasis added).

[2] Despite this requirement, the decision to refuse to comply with Plaintiffs' subpoena was issued by Postal Inspector Attorney John Crockett from the United States Postal Inspection Service. The decision to refuse to comply with the subpoena made no reference to the matter being reviewed by the Chief Postal Inspector or the Inspector in Charge of the affected Field Division—the only parties statutorily authorized to issue this decision. *See Exh.* 2, at 1-2; 39 C.F.R. § 265.13(d)(1).

duty to disclose information contained in the documents within his possession that are relevant to a judicial proceeding are matters *not* here for adjudication.") (emphasis added). For this reason, *Touhy* has never been interpreted as a *carte blanche* grant of authority to refuse legitimate discovery—only the authority to withdraw the determination of agency compliance from a subordinate to the principal. *See Id.*

Federal law does not authorize a federal department to withhold information from the public or limit the availability of records. *See Philpott v. City of Mason City*, 2010 U.S. Dist. LEXIS 967404, at *9-10 (N.D. Iowa Sept. 15, 2010) (finding an IRS refusal to comply with a subpoena to be arbitrary, capricious, and an abuse of its discretion when "[t]he reasons advanced by the IRS in support of its denial of the request were without substance. The IRS set out obstacles to block the request without even giving it serious consideration, and then nonchalantly [gave] spurious reasons for denying the request."). Much like *Philpott*, the Postal Service's grounds for refusing to comply with this Court's subpoena for limited, otherwise unavailable, material information were based on a distortion of the agency's *Touhy* regulations and disregard for the relevant factors in a manner that was arbitrary and capricious. Compliance with Plaintiffs' subpoena would have minimally impacted the Postal Service's operations, did not impose a significant inconvenience on Postal Service employees, and did not impact *any* of the *Touhy* analytical factors.[3] Additionally, after the refusal letter listed the required *Touhy* analytical factors, the Postal Service affirmatively isolated its refusal from these regulations by stating

---

[3] The Postal Service's *Touhy* regulations require consideration of: (1) the statutory restrictions, as well as any applicable legal objections, exemptions, or privileges; (2) relevant legal standards for disclosure of nonpublic information; (3) the Inspection Service's rules and regulations and the public's interest; (4) conservation of employee time; and (5) not expending Postal Service resources for private purposes. *See* 39 C.F.R. § 265.13 (d)(2)(i)-(v). The Postal Service erroneously cited this section as 39 § C.F.R. 265.13(13)(d)(2)(i)-(v). *See Exh*. 4, at 1.

"[n]otwithstanding these deficiencies, we have considered the relevant factors, and the Postal Service will not authorize the production of documents." *Exh.* 2, at 1-2. By listing the statutorily imposed relevant factors in the *Touhy* regulations but then issuing its decision "notwithstanding"[4] these factors, the Postal Service admits that its refusal to comply with this Court's subpoena was unrelated to the *Touhy* regulation's required analytical factors. *See Exh.* 2, at 1. However, after misciting the relevant section of its own regulations upon which it then admits to not basing its rejection, the Postal Service also claimed Plaintiffs "did not make a showing that the requested information is available, by law to a party outside the Postal Service and that if certain documents where produced, why testimony could not be used in place." *Id*. The suggestion that the specifics of an internal investigation conducted by the Postal Service, exclusively within the Postal Service's dominion and control, are available to Plaintiffs, or anyone, through some other source defies logic.

Much like the District Court's ruling in *Philpott*, the Postal Service's reasons were a disingenuous, blanket denial without good faith attention to the Postal Inspection Service's *Touhy* regulations, or an evaluation of the statutorily imposed relevant factors—foreclosing Plaintiffs' ability to narrow their discovery. Additionally, there is no indication in the Postal Service's letter that the Postal Inspection Attorney John Crockett, to whom the Chief Postal Inspector appears to have delegated the authority to deny Plaintiffs' subpoena, made any effort to consider these factors, balance the competing interests, or consider any possible accommodations to comply with Plaintiffs' subpoena. Instead, the Postal Service provided a cut-and-paste, erroneously cited, form response, issued by an improper authority that could be used generically to deny *any*

[4] Notwithstanding is defined as: "[l]iterally meaning irrespective of." *See* "notwithstanding," Black's Law Dictionary (2d Ed., 2025), https://thelawdictionary.org/notwithstanding/, (last visited June 20, 2025).

subpoena within 39 C.F.R. § 265.13's scope. Plaintiffs served a limited and targeted subpoena, concerning a presumably concluded investigation. In response, the Postal Service expended more effort attempting to block Plaintiffs' rightful access to the necessary information than it would by complying with the subpoena. These actions constitute the antithesis of the Supreme Court's requirement that a non-arbitrary and capricious decision consider all the "relevant factors." *Marsh*, 490 U.S. at 378.

The *Touhy* regulations were never intended to empower agencies to categorically and unilaterally decide by fiat whether to ignore a court-ordered subpoena. If a federal district judge's authority to order discovery were statutorily limited to the whim of an attorney in the Postal Inspection Service, then this Court's ability to decide cases and controversies would be limited to the Postal Service's permission. *See In re Bankers Trust Co.*, 61 F.3d at 472-73 ("Court cannot fairly decide cases if they cannot have access to information needed for a fair, objective decision."). The Postal Service's arbitrary and capricious refusal to comply with this Court's subpoena obstructs Plaintiffs' rights and denies them information crucial to their cause of action.

## IV. CONCLUSION

For the above reasons, Plaintiffs request this Court grant their Motion to Enforce Subpoena and Compel Document Production.

Dated: June 30, 2025

Respectfully submitted,

For the Plaintiffs

*/s/ Linda A. Kerns*
Linda A. Kerns
Law Offices of Linda A. Kerns, L.L.C.
1420 Locust St., Ste. 200

Philadelphia, PA 19102
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

J. Christian Adams
Kaylan Phillips
Joseph M. Nixon*
Jewel M. Lightfoot*
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street
Alexandria, VA 22413
Tel: (703) 745-5870
adams@publicinterestlegal.org
kphillips@publicinterestlegal.org
jnixon@publicinterestlegal.org
jlightfoot@publicinterestlegal.org
**Motions for Pro Hac Admission forthcoming*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT BUTWIN JR. and JANET SCHMIDT,**<br>*Plaintiffs,*<br>**v.**<br>**JOHN DOE 1 and JOHN DOE 2,**<br>*Defendants*. | Civil Case No.<br>2:25-cv-02208 |

**CERTIFICATE OF SERVICE**

I, Linda A. Kerns, do hereby certify that service of a true and correct copy of this Motion has been forwarded to all counsel of record via electronic notification and sent to Counsel, Office of the Chief Postal Inspector via regular United States mail at 475 L'Enfant Plaza SW, Washington, DC 20260-2101.

DATED: June 30, 2025

For the Plaintiffs

*/s/ Linda A. Kerns*
Linda A. Kerns
Law Offices of Linda A. Kerns, L.L.C.
1420 Locust St., Ste. 200
Philadelphia, PA 19102
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT BUTWIN JR. and JANET SCHMIDT,**<br>*Plaintiffs,*<br>**v.**<br>**JOHN DOE 1 and JOHN DOE 2,**<br>*Defendants.* | Civil Case No.<br>2:25-cv-02208 |

**ORDER**

AND NOW, on this ______ day of _____________, 2025, it is **ORDERED** that Plaintiffs' Motion to Compel Disclosure is **GRANTED**, and the United States Postal Inspection Service, Inspector Brian Bennett, and Inspector George P. Clark shall produce all documents that are responsive to Plaintiffs' subpoenas within (7) days of this Order.

**ORDERED** on this __ day of July, 2025.

BY THE COURT:

___________________________
**HON. MIA R. PEREZ**