# Plaintiffs' Exhibit 2 – United States Postal Inspection Service Letter

UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

May 23, 2025

Kaylan Phillips, Esq.
Public Interest Legal Foundation
107 S. West Street
Alexandria, VA 22413

Via email to: kphillips@publicinterestlegal.org
linda@lindakernslaw.com

Re: Robert Butwin, Jr. and Janet Schmidt v. John Doe1 and John Doe 2
Civil Case No. 2:25-cv-02208

Dear Kaylan Phillips:

This letter is in response to subpoenas issued by you in the above captioned matter addressed to the United States Postal Inspection Service, Inspectors Brian Bennett and George P. Clark, 615 Chestnut Street, Suite 770, Philadelphia, PA 19106. A copy of the subpoenas are attached to this letter.

As the United States Postal Service is not a party to the pending civil litigation, the subpoena is being handled in accordance with the Postal Inspection Service's *Touhy* regulations, 39 C.F.R. § 265.13. The Postal Inspection Service's *Touhy* regulations provide that when evaluating a request for third party[1] discovery, consideration shall be given to "[s]tatutory restrictions...legal objection[s], exemption[s]...privilege[s]...the [r]elevant legal standards for disclosure of nonpublic information and documents...Inspection Service rules and regulations and the public interest...[c]onservation of employee time and [p]revention of the expenditure of Postal Service resources for private purposes." 39 § C.F.R. 265.13(13)(d)(2)(i)-(v). It is also noted your discovery request did not make a showing the requested information is available, by law to a party outside the Postal Service[2] and that if certain documents were produced, why testimony could not be used in place.[3]

Notwithstanding these deficiencies, we have considered the relevant factors

[1] An action, judicial or administrative, in which the United States, the Postal Service, or any other federal agency is not a named party. 39 C.F.R. § 265.13(c)(13).
[2] 39 C.F.R. § 265.13(g)(2)(iv).
[3] Id. § (g)(2)(vi).

and the Postal Service will not authorize the production of documents nor testimony.

To the extent responsive material exists, it would also be protected by the Privacy Act and related Postal regulations.[4] The validity of these federal regulations, known as the "Touhy" regulations, after the U.S. Supreme Court's decision in *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) have consistently been upheld. See *Moore v. Armour Pharmaceutical,* 927 F.2d 1194 (11th Cir. 1991); *Boron Oil Co. v. Downie*, 873 F. 2d 67 (4th Cir., 1989); and, *Edwards v. U.S. Department of Justice*, 43 F. 3d 312 (7th Cir., 1994).

Please feel free to contact me if you would like to discuss this matter further.

Sincerely,

John Crockett
Postal Inspector Attorney
United States Postal Inspection Service
421 Benigno Boulevard
Bellmawr, NJ 08031
(267) 761-2038
JMCrockett@uspis.gov

Att: Subpoenas

---

[4] See, 5 U.S.C. § 552, 39 C.F.R. § 265 and the USPS Adminstrative Support Manual, § 352.