**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT BUTWIN JR. and JANET SCHMIDT,**<br>*Plaintiffs,*<br>**v.**<br>**JOHN DOE 1 and JOHN DOE 2,**<br>*Defendants***.** | Civil Case No.<br>2:25-cv-02208 |

## ORDER

**AND NOW,** this 17th day of September, 2025, upon consideration of Plaintiffs' First Motion to Compel (ECF No. 13), the responses in opposition (ECF Nos. 18 and 21), Plaintiffs' reply brief (ECF No. 19), and the oral argument presented in court today, it is hereby **ORDERED** that the motion to compel is **DENIED.** [1] It is further **ORDERED** as follows:

1. To the extent Plaintiff seeks additional information or disputes the sufficiency of the USPIS's response, Plaintiff must pursue such relief through the procedures established by the applicable *Touhy* regulations.
2. The Court will not compel further compliance absent a showing that Plaintiffs have made a proper request under those regulations and that judicial review is appropriate.

BY THE COURT:



Hon. Mia R.Perez

[1] Because The United States Postal Inspection Service (USPIS) is a federal agency, discovery of information from it is governed by the so-called *Touhy* regulations, promulgated pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Under those regulations, a litigant seeking testimony or documents from the USPIS must submit a proper request to the agency in accordance with its procedures. Courts have consistently held that parties may not compel compliance with a subpoena absent exhaustion of those regulatory steps.